IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| THEODORE H. DAHN, IV | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | 1:05-cv-79 (WLS) |
| | : | |
| JAMES L. LANIER, Warden,[1] | : | |
| | : | |
| Respondent. | : | |

**ORDER**

The above named petitioner filed this petition seeking a writ of habeas corpus. Although petitioner filed a motion to proceed *in forma pauperis*, he subsequently paid the $5.00 filing fee. Acccordingly, the motion to proceed *in forma pauperis* is **DENIED** as moot. Petitioner has requested this court to appoint counsel to assist him with his habeas corpus petition. Generally, habeas petitioners do not have a right to counsel. ***McGriff v. Dep't of Corr.***, 338 F.3d 1231, 1235 (11th Cir. 2003) (*citing* ***Pennsylvania v. Finley***, 481 U.S. 551, 555 (1987)). Petitioner's motion for appointment of counsel is viewed by the court as premature. Until such time as responses have been made by the respondent and the court has had an opportunity to review both the petition and the response thereto, a proper evaluation of the petitioner's need for counsel cannot be made. The court on its own motion will consider appointing legal counsel for the petitioner if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, at

---

[1] The court notes that although petitioner mistakenly named the wrong respondent, this court may "drop" or "add" parties on its own initiative on "such terms as are just." FED. R. CIV. P. 21. Tommy Reddish is hereby dropped as the respondent and James L. Lanier, Warden, Wayne State Prison is to be added as respondent and served.

the present time, petitioner's motion for appointment of counsel is **DENIED**.

**IT IS HEREBY ORDERED** that within thirty (30) days of the date of this order, the petitioner shall amend his petition to include every un-alleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which the petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his habeas petition. If amended, the petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his amended habeas petition. *See* Rule 9(b) of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.

Either with the filing of the answer or within fifteen (15) days after the answer is filed, the respondent shall move for the petition to be dismissed or shall explain in writing to the court why the petition cannot be adjudicated by a motion to dismiss.

No discovery shall be commenced by either party without the express permission of the court. Unless and until the petitioner demonstrates to this court that the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this court's consideration of this habeas petition will be limited to an examination of the evidence and others matters presented to the state trial, habeas, and appellate courts.

A copy of the petition and any future amendments thereto and a copy of this order shall be served by the Clerk by certified mail on the respondent and on the Attorney General of the State of Georgia.  The Clerk of the Court is further directed to serve a copy of this order upon the petitioner.  The petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 24th day of October, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE