IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| THEODORE H. DAHN, IV., : | |
| : | |
| Petitioner, : | |
| : | CIVIL ACTION |
| vs. : | File No. **1:05-CV-79 (WLS)** |
| : | |
| TOMMY REDDISH, Warden, : | |
| : | |
| Respondent. : | |

**RECOMMENDATION**

The petitioner filed this § 2254 action on or about June 10, 2005, in which he challenges his December 29, 1997, Turner County jury trial convictions and sentences for aggravated child molestation, child molestation, and aggravated sexual battery. Petitioner's convictions and sentences were affirmed on direct appeal. <u>Dahn v. State</u>, No. A98A2303 (Ga. App. Dec. 14, 1998) (unpublished). On October 26, 1999, petitioner filed a state habeas corpus petition. Following evidentiary hearings on September 8, 2000, and October 9, 2001, the state habeas court denied relief in an order dated September 8, 2003. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal on May 9, 2005, and his motion for reconsideration on June 6, 2005.

In support of petitioner's motion for an evidentiary hearing, petitioner provided an affidavit from the victim in this case, his minor daughter, who was four years old at the time of the molestation, in which she recanted much of her earlier testimony. Consequently, the undersigned granted petitioner's motion for an evidentiary hearing and appointed an attorney to represent petitioner. A deposition was taken, pursuant to Court order, of the victim on October

31, 2007, at which the victim again reversed her testimony and testified that it was her father who molested her and not her step-father, as was stated in the affidavit submitted to the court earlier. Further, the victim stated that she was pressured into signing the affidavit by petitioner's family. Consequently, the undersigned denied petitioner's motion for a psychological evaluation of the victim in this case and for an evidentiary hearing, as the undersigned believed that it would not be helpful in determining whether petitioner was "actually innocent."

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) established standards for habeas review of state court decisions. Amended § 2254(d) states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. Williams v. Taylor, 120 S. Ct. 1495, 1519 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 1520. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000) (quoting Williams, 120 S. Ct. at 1520)). Accordingly, the petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

This court is "bound under 28 U.S.C. § 2254(d) to afford factual findings of state [appellate] courts a presumption of correctness." Towne v. Dugger, 899 F.2d 1104, 1106 (11th Cir. 1990); Paxton v. Jarvis, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The Georgia Court of Appeals found the facts as follows. The evidence showed that Dahn molested the four year old victim several times and in various manners. Testifying at trial regarding the various acts of molestation and the victim's account of it were: the victim's

3

stepsister; an emergency room physician who had examined the victim; the victim's mother; two GBI agents who interviewed the victim; and the clinical psychologist who had counseled the victim. The molestation was also shown through the use of anatomically correct drawings which the GBI agent used in interviewing the child. The testimony showed that the victim's statements were consistent over time and that she repeatedly stated that Dahn was the only person who had performed the acts of molestation. The medical testimony, though not conclusive, was consistent with the victim's account. Dahn v. State, No. A98A2303 (Ga. App. December 14, 1998)(unpublished).

*Ground 5: Ineffective Assistance of Trial and Appellate Counsel*

In ground 5, Petitioner alleges that he received ineffective assistance of counsel because counsel: 1) failed to object to hearsay testimony; 2) failed to attack the State's expert's "mail order degree and qualifications"; 3) failed to object to inflammatory photographs; 4) failed to object to bolstering testimony; and 5) failed to "take advantage of the State's own scientific test which possibly provided exculpatory evidence."

The state habeas court found that plaintiff was represented at trial, post trial, and on appeal by James M. Walker, III, a practicing attorney in Georgia since 1990, whose private practice consisted of approximately 50 percent criminal defense. He had conducted between eight and ten jury trials and had represented several defendants charged with child molestation, and had filed between four and five appeals to the Georgia appellate courts.

Prior to trial, counsel anticipated that statements made by the child victim would possibly be admitted under the child hearsay statute, but did not deem it necessary to have the child examined by an independent expert or doctor. Counsel objected to the testimony by the medical

4

doctor, moved for acquittal and directed verdict. Mr. Walker did not perceive any prosecutorial or judicial misconduct. Counsel testified that he discussed the issues with petitioner after the trial, including newly discovered evidence, and eventually raised all of the issues discussed in the post trial motion for new trial and in the direct appeal. Counsel testified that he would not have raised any issues that could not be supported by wither law or fact, and believed that he raised the strongest claims available. ( Doc. 13, Resp. Exhibit 4).

In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court adopted a two-part standard for evaluating claims of ineffective assistance of counsel. In order to establish that his counsel's representation was constitutionally defective, the petitioner must show (1) that counsel's representation was deficient, and (2) that the petitioner was prejudiced by his counsel's alleged deficient performance. The Court reiterated that "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." 466 U.S., at 687-688, 104 S.Ct., at 2065. The Court further held, however, that "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694, 104 S.Ct., at 2068. This additional "prejudice" requirement was based on the Court's conclusion that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id., at 691, 104 S.Ct., at 2067.

Petitioner bears the burden of establishing both of these elements by a preponderance of the evidence. Mills v. Singletary, 63 F.3d 999, 1020 (11th Cir.1995), cert. denied 517 U.S. 1214 (1996). However, the Supreme Court has warned that "[j]udicial scrutiny of counsel's

performance must be highly deferential." Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.

The state habeas court made conclusions of law, expressly setting out the test in Strickland v. Washington, and found that counsel for petitioner was not ineffective at any stage of his representation of petitioner.

Petitioner has failed to show that the state courts' adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." This ground has no merit.

***Grounds 1-3, 4(1), 4(2), 4(3) Procedural Default***

Respondent contends that these grounds are procedurally defaulted. In ground 1, Petitioner alleges "actual innocence." In ground 2, Petitioner contends juror misconduct in that law enforcement officers employed by Petitioner's former employer stopped a trial juror and searched the juror based upon an anonymous tip. In ground 3, Petitioner alleges prosecutorial misconduct in that the State used alleged hearsay evidence, withheld "explanatory evidence," and bolstered its case by "unheard evidence." In ground 4(1), Petitioner argues "judicial error" in that the trial court inquired into the numerical division of jury.

Petitioner raised each of these issues in his state habeas corpus action. (Resp. Ex. 1-3). The state habeas corpus court found that Petitioner's grounds were procedurally defaulted under O.C.G.A. § 9-14-48(D) as they were not raised at trial and on direct appeal.

In grounds 4(2) and 4(3), Petitioner alleges "judicial error" in that the trial court gave a prejudicial "corrective instruction" and limited the jury's deliberations. However, Petitioner did not timely raise these issues in the state habeas corpus court.

A state habeas corpus petitioner who fails to raise his federal claims properly in state court is

6

procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default. Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Such procedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, Sykes requires the federal court to respect the state court's decision. Atkins v. Singletary, 965 F.2d 952, 956 (11th Cir.1992), cert. denied, 515 U.S. 1165, 115 S.Ct. 2624, 132 L.Ed.2d 865 (1995); Meagher v. Dugger, 861 F.2d 1242, 1245 (11th Cir.1988). Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal. Snowden v. Singletary, 135 F.3d 732, 737 (11th Cir.1998), cert. denied, --- U.S. ----, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998); see also §28 U.S.C. 2254(b)(1)(A)(1994)(pre-AEDPA) ("An application for writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...."). The Supreme Court held in Castille v. Peoples, 489 U.S. 346, 351 (1989), that a federal habeas court could hold claims were procedurally defaulted, and therefore exhausted, "if it is clear that [the] claims are now procedurally barred under [state] law."

Petitioner uses his claim of "actual innocence," together with the recantation of the victim's testimony (which has in itself since been recanted by the victim) to excuse his procedural default.

A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his

conviction "probably resulted" from "a constitutional violation." Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995) (quoting Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986)). The petitioner meets the "probably resulted" standard by demonstrating, based on the new evidence, "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327, 329, 115 S.Ct. at 867-68. The "reasonable doubt" standard is not to be determined on the basis of the district court's independent judgment, but should be based on the district court's "probabilistic determination about what reasonable, properly instructed jurors would do." Id. at 329, 115 S.Ct. at 868. The petitioner must support the actual innocence claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Id. at 324, 115 S.Ct. at 865. A petitioner meets the "threshold showing of innocence" justifying "a review of the merits of the constitutional claims" if the new evidence raises "sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 115 S.Ct. at 862. Arthur v. Allen 452 F3d 1234, 1245 (11th Cir. 2006).

" '[A]ctual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have this otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993). To make a showing of actual innocence, a petitioner must present new evidence, which would establish that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt. House v. Bell, --- U.S. ----, 126 S.Ct. 2064 (2006); Schlup v. Delo, 513 U.S. 298, 327 (1995); Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir.2004). A petitioner must produce reliable evidence that was not presented

at trial. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir.2001). The Supreme Court, in assessing the adequacy of a petitioner's showing, stated:

> The meaning of actual innocence ... does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Schlup v. Delo, 513 U.S. at 329.

A petitioner's constitutional claim for relief based upon his newly discovered evidence of innocence must be evaluated in light of the previous several years of proceedings in this case. In criminal cases, the trial is the paramount event for determining the defendant's guilt or innocence. Where, as here, a defendant has been afforded a fair trial and convicted of the offense for which he was charged, the constitutional presumption of innocence disappears. Federal habeas courts do not sit to correct errors of fact, but to ensure that individuals are not imprisoned in violation of the Constitution. See, e.g., Moore v. Dempsey, 261 U.S. 86, 87-88, 43 S.Ct. 265, 265-266, 67 L.Ed. 543. Thus, claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the course of the underlying state criminal proceedings. See Townsend v. Sain, 372 U.S. 293, 317, 83 S.Ct. 745, 759, 9 L.Ed.2d 770.

Petitioner asserts that his Sixth and Fourteenth Amendment rights were violated when others, including the victim's stepsister, mother, GBI agents, clinical psychologist, and medical examiner testified regarding the four-year-old victim's statements accusing petitioner of molesting her, specifically stating that the trial court erroneously admitted evidence pursuant to

9

Georgia's child hearsay statute, O.C.G.A. § 24-3-16, without making a threshold determination of the declarant's reliability and admitted testimonial extra judicial statements of the alleged victim in violation of the right of confrontation subsequently declared unconstitutional in Crawford v. Washington, 541 U.S. 36 (2004). [1] Crawford held that out-of-court statements by witnesses that are testimonial are barred, under the Confrontation Clause, unless witnesses are unavailable and defendants had prior opportunity to cross-examine witnesses, regardless of whether such statements are deemed reliable by court, abrogating Ohio v. Roberts, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597.

However, the Supreme Court expressly addressed the issue of Crawford's retroactive applicability. "This case presents the question whether, under the rules set out in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), our decision in Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), is retroactive to cases already final on direct review. We hold that it is not." Whorton v. Bockting, 127 S.Ct. 1173 (2007). [2] Consequently, as Crawford was decided several years after petitioner's convictions were final on direct appeal, Crawford should not be applied retroactively to this case.

---

[1] Petitioner also raises in his responsive brief (doc. 37) for the first time the failure of the trial court to administer any kind of oath to the child victim as evidence that his trial was unfair and illegal. Petitioner also raises new claims of the ineffective assistance of counsel and prosecutorial misconduct. However, the undersigned determines that these claims are procedurally defaulted as they were never raised in the state courts. Petitioner's "actual innocence" claim does not excuse the failure to raise these issues below.

[2] Petitioner also claims that Danforth v. Minnesota, 128 S.Ct. 1029 (2008) is authority for applying the new rule in Crawford retroactively. However, Danforth merely asserts that no federal rule implicitly announced in some other source of federal law, prohibits States from giving broader retroactive effect to new rules of criminal procedure, Danforth, at 1046 - 1047, and is therefore not controlling authority for the case at bar.

Therefore, the undersigned finds that the recanted testimony of the victim in this case, provided to the court in an affidavit, is not reliable, as the victim then recanted the affidavit in the subsequent deposition. No amount of bolstering affidavits by other family members regarding whether or not the victim was pressured to give the affidavit cures the inherent unreliability of what the victim has stated under oath on two separate occasions. Consequently, the testimony of the victim does not adequately support petitioner's claims of "actual innocence." The credibility of the victim was determined by the jury during the trial, and nothing provided by petitioner overcomes that fact. The undersigned therefore cannot find that no reasonable jury, after hearing both the recanted testimony of the victim in the affidavit, and the subsequent recantation of the recantation during the deposition, would not find that petitioner was guilty beyond a reasonable doubt.

Further, the use of the Georgia child hearsay statute in the jury trial, and the use of statements made by the child to others regarding her molestation by the petitioner, does not violate petitioner's Sixth and Fourteenth Amendment rights thereby rendering his conviction a fundamental miscarriage of justice and excusing his procedural default.

Consequently, it is the RECOMMENDATION of the undersigned that this petition for habeas corpus relief be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Court, Middle District of Georgia, WITHIN TEN (10) DAYS of the date of this recommendation.

**SO RECOMMENDED**, this 10th day of September, 2008.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd