**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **THEODORE H. DAHN, IV**, | : |
| Petitioner, | :     **1:05-CV-79 (WLS)** |
| v. | : |
| **TOMMY REDDISH, Warden**, | : |
| Respondent. | : |

## ORDER

Before the Court is a Recommendation (Doc. No. 38) from United States Magistrate Judge Richard L. Hodge, filed September 10, 2008. It is recommended that Petitioner's petition (Docs. 3, 6, 10) for federal habeas relief be denied. Petitioner has filed his written objection. (Docs. 39, 40).

The procedural history and facts are set out in the Recommendation in detail. Petitioner's conviction was confirmed on direct appeal and his petition for state habeas relief was denied. The Supreme Court of Georgia also denied Petitioner's application for a certificate of probable cause to appeal.

The Petitioner's instant federal habeas petition is based largely on an affidavit of the victim, in which she recanted her earlier statements that Petitioner had molested her. However, at deposition upon a hearing request granted by the magistrate judge, the victim recanted the affidavit and stated that Petitioner indeed had been the one who had molested her. Finding that a psychological examination of the victim would not be helpful in determining Petitioner's "actual innocence", Petitioner's request for psychological examination was denied. (Doc. 36).

As grounds for his federal habeas petition, Petitioner alleges ineffective assistance of counsel (Ground 2) and other grounds found to be procedurally defaulted. (Grounds

1

1-3, 4(1), and 4(3)). These defaulted grounds include actual innocence (Ground 1), alleged juror misconduct (Ground 2), prosecutorial misconduct in connection with the use of alleged hearsay and allegedly withheld "explanatory" (sic) evidence (Ground 3) and judicial trial error (Ground 4(1) ). All of these allegations although raised in the state habeas decision were found by the state judge to be procedurally defaulted under state statutes in that they were neither raised at trial nor on direct appeal. Two additional alleged judicial errors (Grounds 4(2) and 4(3)) were found not to have been raised timely in the state habeas court. Petitioner attempts to avoid default due to failure to exhaust state remedies by alleging actual innocence together with the now recanted affidavit. As found by the magistrate judge, Petitioner may do so only by a showing of actual innocence through reliable new evidence. The Court agrees with the magistrate judge in that there is no new reliable evidence of actual innocence to support Petitioner's attempt to avoid default. The Court further agrees that Crawford v. Washington, 541 U.S. 36 (2004) can be applied retroactively to alleged hearsay trial testimony.

      Petitioner alters and attempts to otherwise change the emphasis of his petition by asserting in his objection that his conviction violates the Constitution because no evidence of the elements of the offense was presented at trial. Thus Petitioner now claims that the victim's testimony along with other evidence at trial was insufficient to support his conviction, not simply that he now has new evidence of actual innocence as originally asserted. This is nothing more than another version of his former allegation of ineffective assistance of counsel where he alleged trial counsel was ineffective in failing to object to hearsay testimony among other alleged errors. As found by the magistrate judge, the state habeas court's finding against Petitioner is adequately supported by the record and applicable law. Therefore, however reconstituted, Petitioner fails on this ground. Petitioner's claim as initially presented was that the outcome of his trial would have been different but for trial counsel's alleged ineffectiveness, not because there was insufficient

proof of the elements of the offense of conviction.

WHEREFORE, upon full consideration of the record the Court finds that said Recommendation should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and conclusions stated therein together with the findings, reasons and conclusions reached herein. Petitioner's objections (Docs. 39, 40) are **OVERRULED**. Accordingly, Petitioner's federal habeas petition (Docs. 3, 6, 10) is hereby **DENIED**.

**SO ORDERED**, this 30th day of March, 2009.

                                                          /s/ W. Louis Sands
                                        **THE HONORABLE W. LOUIS SANDS,**
                                        **UNITED STATES DISTRICT COURT**