IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

**THEODORE H. DAHN, IV**,  :
:
Petitioner,  :   CASE NO.:  1:05-CV-79 (WLS)
:
v.  :
:
**TOMMY REDDISH, Warden**,  :
:
Respondent.  :
:

# ORDER

Before the Court is a Recommendation (Doc. No. 68) from United States Magistrate Judge Thomas Q. Langstaff, filed December 7, 2010. It is recommended that Petitioner's petition (Docs. 3, 6, 10, 62) for federal habeas relief be denied. Specifically, in addition to incorporating his recommendations from his first Recommendation filed September 10, 2008 (Doc. 38), Judge Langstaff recommends denying the additional grounds added by Petitioner in his Supplemental Brief in Support of Petition for Writ of Habeas Corpus (Doc. 62), grounds 6(1)-(9). Petitioner has filed a written objection to Judge Langstaff's recommendation as to ground 6(9). (Doc. 69).

The procedural history and facts are set out in the Recommendation in detail (*See generally* Doc. 68). Pursuant to the Eleventh Circuit's remand Order (Doc. 64), the focal point of the Recommendation is Petitioner's claim that his counsel was ineffective in failing to conduct a hearing to question Juror John Wesley Barber pursuant to Remmer v. U.S., 347 U.S. 227 (1954) (Ground 6(9)). After reviewing Petitioner's claims purporting to support this ground for relief, Judge Langstaff finds that Petitioner is not

1

entitled to federal habeas relief. (Doc. 68 at 16-19). According to Judge Langstaff's findings, offering only "speculation" and "bare assertion[s]" about possible juror bias and the effect this bias may have had on the proceedings, Petitioner has failed to meet his burden of proving the ineffectiveness of his counsel under the test outlined in Strickland v. Washington, 466 U.S. 688 (1984). (Doc. 68 at 19).

Petitioner objects to these findings and argues, *inter alia*, that while he has sufficiently presented evidence satisfying the first prong of the Strickland test, an evidentiary hearing is needed to assist him in developing the second prong of Strickland – that he was prejudiced by his counsel's alleged deficient performance. (Doc. 69 at 18). Because the Court finds that Petitioner has failed to demonstrate that he is entitled to an evidentiary hearing to prove the presence of a Remmer violation, Petitioner's objection to the Magistrate's findings is meritless and his ineffective assistance of counsel claim fails for failure to meet his burden under Strickland.

Petitioner does not dispute the Magistrate's finding that he has not met his burden under Strickland due to his failure to demonstrate that he suffered any prejudice due to his counsel's alleged failure to request a Remmer hearing at the trial court level. Petitioner predicates all of his arguments on his need to develop the evidence of prejudice through an evidentiary hearing. However, as noted below, Petitioner has not shown that he would be entitled to an evidentiary hearing[1] or that his counsel was deficient for not requesting one.

Under 28 U.S.C. § 2254(e)(2), if a petitioner fails to develop a factual basis of a claim in state court proceedings, a federal court should not hold an evidentiary hearing

---

[1] The Court hereby incorporates its findings from its Order dated July 24, 2012 (Doc. 74), denying Petitioner's Motion for an Evidentiary Hearing (Doc. 70).

on the claim unless the petitioner shows that (A) the claim relies on (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Thus, "[i]f the petitioner was not diligent in his efforts to develop his claim in state court, he may not receive an evidentiary hearing unless he can satisfy the provisions of § 2254(e)(2)(A) *and* (B)." Ward v. Hall, 592 F.3d 1144, 1158 (11th Cir. 2010) (citing Williams v. Taylor, 529 U.S. 420, 437 (2000)) (emphasis added).

As admitted by Petitioner, he first presented the issue of the ineffective assistance of counsel relating to Mr. Barber and his counsel's failure to raise a Remmer violation claim in his amendment to his state habeas petition filed on August 20, 2001. (Doc. 62 at 3). Shortly thereafter, on October 9, 2001, the state court conducted an evidentiary hearing so that Petitioner could "call [his] attorney to the stand to answer the allegations of ineffective assistance of counsel and what occurred." (Doc. 13-9 at 5:14-16). However, at no point during this hearing did Petitioner address any questions to his counsel relating to Mr. Barber and the decision not to request a Remmer hearing. (*See generally id.*) Consequently, there is no merit to Petitioner's contention that, "[a]t all levels he has been denied a fair hearing to determine a Remmer violation."[2] (Doc. 69 at 18). On the contrary, it has not been shown that Petitioner "diligently" pursued this claim at the state court so as to justify the need for an evidentiary hearing from the

---

[2] A review of Petitioner's Amended Petition indicates that he couched his concerns regarding the Remmer violation in terms of his counsel's ineffectiveness for not requesting a Remmer hearing. Petitioner did not request a Remmer hearing from the state court. Thus, the state court gave Petitioner what he requested – an evidentiary hearing for his ineffective assistance of counsel claims.

3

federal court.³  Additionally, there is no evidence to demonstrate that Petitioner can show that the provisions of § 2254(e)(2)(A) and (B) are satisfied so as to excuse his lack of diligence at the state court level.  "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings."  Ward, 592 F.3d at 1159.  Accordingly, it follows that if Petitioner is unable to present evidence of prejudice, this deficiency is due to Petitioner's own failure to develop evidence supporting this claim.

Petitioner argues that his failure to present evidence at his state habeas evidentiary hearing should not foreclose his ineffective assistance claim.  (Doc. 69 at 5). Citing Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010), Petitioner argues that a federal court can make a determination about his claim simply by reviewing the trial transcripts.  While this Court acknowledges that in Ward and its predecessor, Eagle v. Linahan, 279 F.3d 926, 938 (11th Cir. 2001), the Eleventh Circuit concluded that a habeas petitioner is not "always [required to] present testimonial evidence that counsel's performance was unreasonable or, *ipso facto*, lose on the claim," see Eagle, 279 F.3d at 938, these cases do not necessarily imply that a Petitioner is excused from his Strickland burden every time he fails to develop evidence thereby requiring the court to always make an independent determination of his claim through a review of the record.  Such an interpretation of Ward and Eagle would render superfluous the burden of proof required of litigants under Strickland.

Nevertheless, here, despite Petitioner's failure to put forth evidence regarding his claim, the Magistrate still considered the merits of Petitioner's ineffective assistance of counsel claim.  Judge Langstaff found that, in light of the evidence against Petitioner,

---

³ *See supra* n.1.

4

Petitioner's speculation that Mr. Barber *could* have been biased against him because of the actions of the Ashburn Police Department and his "bare assertion" that this bias, if it had been shown through a Remmer hearing, would have led to Mr. Barber being excused thus resulting in a not guilty verdict, fail to demonstrate credible evidence that "the result of the proceeding would have been different" had counsel requested a Remmer hearing.[4]  *See* Tejada v. Dugger, 941 F.2d 1551, 1559-60 (11th Cir. 1991) (quoting Strickland, 466 U.S. at 694 ("[B]ecause the evidence against [petitioner] is overwhelming, [petitioner] has not demonstrated that the alleged errors, if true, would have so prejudiced his defense that 'there would be a reasonable probability that…the result of the proceeding would have been different' if his counsel has not committed the alleged errors."))  This finding is wholly reasonable in light of the fact that "conclusory" or "wholly incredible" claims are not sufficient to prevail on a claim for ineffective assistance of counsel.  *See* Tejada, 941 F.2d at 1559; Duran v. Walker, 223 Fed. Appx. 865, 875 (11th Cir. Mar. 29, 2007).  Therefore, while Petitioner's failure to develop the

---

[4] The Court finds it important to note that although this Court agrees with Judge Langstaff's ultimate conclusion that Petitioner has not met the second prong of Strickland, this Court disagrees with the finding that, to succeed on a prejudice argument, the proper standard to be applied is whether Petitioner has to show that had Mr. Barber been excused, the verdict would have been not guilty.  Under Remmer v. U.S., 347 U.S. 227 (1954), the proper inquiry is whether the harm complained of would have been sufficient to grant a new trial.  *E.g.,* Eagle v. Linahan, 279 F.3d 926, 943 (11th Cir. 2001).  Here, Petitioner asserts that his counsel was ineffective for failing to raise the Remmer issue during the motion for a new trial.  However, in the instant case, subsuming the Remmer standard into Petitioner's ineffective assistance of counsel claim operates to find that to succeed on the second prong of Strickland, Petitioner would have to show 1) that the traffic stop was "tampering" sufficient to trigger the Remmer presumption of prejudice, *see* Remmer, 347 U.S. at 229 ("In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial."); 2) that during a Remmer hearing triggered by this presumption, the government would not have been able to meets it burden of demonstrating that the alleged extrinsic contact was harmless, *see id.,* and finally, 3) the state court would have found actual prejudice based on this extrinsic contact that would have entitled Petitioner to a new trial, *see* Crowe v. Hall, 490 F.3d 840, 847 (11th Cir. 2007) ("The *Remmer* presumption entitles a defendant to a hearing in the trial court to ascertain actual prejudice following an allegation of extrinsic contacts with the jury.")  However, as stated herein, there is a lack of evidence outside of Petitioner's speculation that the police stop of Mr. Barber would be considered "tampered" or that the state court would have found actual prejudice stemming from this extrinsic contact entitling Petitioner to a new trial.  Thus, this Court agrees that Petitioner is not entitled to any relief.

5

issue at his state habeas evidentiary hearing was not dispositive to the success of his ineffective assistance of counsel claim, coupled with his failure to demonstrate prejudice, it presents this Court with little to nothing to go on in finding that Petitioner met his burden of proving that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688.

Moreover, though Judge Langstaff did not address the first prong of Strickland, this Court finds that in addition to failing to meet his Strickland burden under the second prong, Petitioner has failed to demonstrate that his "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result," Strickland, 466 U.S. at 686, such that the first prong of Strickland is satisfied.

Petitioner asserts that his counsel's performance was constitutionally deficient because his counsel failed to request a Remmer hearing during his motion for a new trial. In support of this argument, Petitioner states that it was improper for his counsel to instead label the incident with Mr. Barber as "juror misconduct" and not pursue a Remmer hearing. (Doc. 69 at 3). It is Petitioner's belief that the incident should have instead been treated as an allegation of "jury tampering." (*Id.* at 13). However, this is simply Petitioner's lay opinion, which is by no means binding on this Court. Additionally, based on the fact that Petitioner, himself, raised this issue during his September 8, 2000 state habeas evidentiary hearing as being only concerning because of the possibility that Mr. Barber had a conversation with someone during his visit to the police department indicates that Petitioner too thought there was nothing otherwise troubling about the police stop itself. (*See* Doc. 13-8 at 11:21-12:4). Petitioner has no

6

evidence to support his contention that the police stop of Mr. Barber was "harassment" by a police officer intended to affect the proceedings. (Doc. 69 at 7). Based on the facts, following a traffic stop conducted while he was on active jury duty, Mr. Barber went to the Ashburn Police Department to question the officers about the stop. There is no evidence to show that it was unreasonable for defense counsel to label this incident as "juror misconduct" as a strategy for attempting to receive a new trial or unreasonable for the state court to accept this argument and then reject the same.

"Judicial scrutiny of counsel's performance must be highly deferential and there is a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Ward, 592 F.3d at 1163-64 (quoting Strickland, 466 U.S. at 688) (alteration in original) (internal quotations omitted). In order for Petitioner to demonstrate that his counsel's decision to pursue the issue with Mr. Barber as "juror misconduct" was unreasonable, he has to show "that no competent counsel would have taken the action that his counsel did take." Chandler v. U.S., 218 F.3d 1305, 1315 (11th Cir. 2000). He has simply failed to make this showing and when given the opportunity to question his counsel regarding the decision to pursue the issue as "juror misconduct," Petitioner failed to develop any testimony that would conflict with this Court's finding that the record supports a finding that defense counsel made a "strategic choice" in how he framed the incident with Mr. Barber to the state court. *See* Ward, 592 F.3d at 1163 (holding that where a petitioner fails to present testimonial evidence supporting his ineffective assistance of counsel claim, the "federal court may make a fair determination of the claim simply by reviewing the trial transcripts"). In its Final Order denying Petitioner's Writ of Habeas Corpus, the Superior Court found that:

> Counsel raised all of the issues that he and Petitioner discussed in the post trial

7

motion and on direct appeal. Counsel testified that he would not have raised any issues that could not be supported by either law or fact, and that he believed that he raised the strong claims available.

(Doc. 13-5 at 5). Just because this trial strategy did not garner Petitioner the formal hearing that he desired or the new trial that he sought, this does not mean that the decision to pursue this strategy renders counsel's assistance ineffective.[5] Ward, 592 F.3d at 1164 (citing Chandler, 218 F.3d at 1314).

Therefore, this Court agrees with the Magistrate's finding that Petitioner has failed to prove both prongs of the Strickland test, which is fatal to his ineffective assistance of counsel claim.

This Court has fully reviewed and considered the record. Having found that Petitioner's objections to the Magistrate's findings with regard to ground 6(9) are meritless, and Petitioner having not objected to the remaining findings in the Magistrate's December 7, 2010 Recommendation, this Court finds that said Recommendation should be, and hereby is, **ACCEPTED, ADOPTED** and made the Order of this Court, to the extent the same is consistent with this Order, for reason of the findings made and conclusions stated therein together with the findings made, reasons stated and conclusions reached herein. Petitioner's objection (Doc. 69) is

---

[5] The Court also notes that, during the motion for new trial, both defense counsel and the state court did question Mr. Barber about the incident with the Ashburn Police Department. (Doc. 13-12 at 16:8-18:22). Petitioner may disagree with the adequacy of this investigation and the state court's decision to treat the incident as an issue of "juror misconduct" but, as stated above, this Court is not convinced that it was erroneous for defense counsel and the state court to view the incident through a juror misconduct lens. With that in mind, the Court does not agree that a full Remmer hearing was necessarily warranted here as opposed to what was done. A state court is vested with "the discretion to determine the extent and type of investigation requisite to a ruling on [a motion for a new trial]." Tillman v. U.S., 406 F.2d 930, 938 (11th Cir. 1969), *vacated on other grounds*, 395 U.S. 830 (1969). Furthermore, when confronted with an allegation of juror misconduct, "[t]he district court's discretion extends even to the initial decision of whether to interrogate the jurors." U.S. v. Tobin, 676 F.3d 1264, 1299 (11th Cir. 2012) (additional citations and internal quotations omitted). Thus, this Court does not find that the state court abused its discretion in refusing to question the juror farther or in refusing to grant a new trial. Petitioner only offers his gross speculation that the stop of Mr. Barber was harassment, nothing more. "If a full hearing were required in every instance where an uncorroborated rumor or a conjecture came to the attention of the trial court, there would be no end to the interference with an orderly trial." Tillman, 406 F.2d at 938.

**OVERRULED**.  Accordingly, Petitioner's federal habeas petition (Docs. 3, 6, 10, 62) is hereby **DENIED**.

    **SO ORDERED**, this  24th   day of July, 2012.

                                        /s/ W. Louis Sands
                                        **THE HONORABLE W. LOUIS SANDS,**
                                        **UNITED STATES DISTRICT COURT**